IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-837-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $4,300.00 IN U.S. CURRENCY, | ) | |
| $22,368.29 IN U.S. CURRENCY, and | ) | |
| MICHAEL GRAHAM, | ) | |
| | ) | |
| Defendants. | ) | |

The government seeks the forfeiture of United States currency pursuant to 21 U.S.C. § 881(a)(6). The matter comes before the court on the government's motion for entry of default (DE 9). Claimant did not respond to the government's motion.[1] In this posture, the issues raised are ripe for adjudication.

The government filed the instant civil complaint for asset forfeiture on October 5, 2016. The clerk of court issued notice and warrant of arrest *in rem* on October 5, 2016. The warrant then was served upon claimant on October 11, 2016, and delivered to Warren Correctional Institution ("Warren") on October 17, 2016. On November 10, 2016, the claimant filed a *pro se* motion opposing the forfeiture and requesting that the court appoint him counsel pursuant to 28 U.S.C. § 1915(e)(1). The government then filed a motion for entry of default on December 19, 2016. On December 22, 2016, the court denied claimant's motion to appoint counsel.

---

[1] The court notes that mail sent from the court on December 22, 2016, was returned as undeliverable and the court does not have an updated address for claimant. (See DE 11).

The court first determines whether claimant's November 10, 2016, pleading captioned "Dispute of Complaint for Forfeiture In Rem" qualifies as a claim under Supplemental Rule G(5)(a)(i) for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). In order to contest the forfeiture, a claimant must file a proper and timely claim under Supplemental Rule G(5)(a)(i) of the Supplemental Rules. See, e.g., Ibarra v. United States, 120 F.3d 472, 475-76 (4th Cir. 1997). Claimant's filing does not comport with Rule G(5)(a)(i) of the Supplemental Rules because it was not "signed . . . under penalty of perjury." Id. G(5)(a)(i)(C). Thus, claimant has not filed a proper claim pursuant to Rule G(5) of the Supplemental Rules.

Having determined that claimant's filing does not qualify as a claim, the court now turns to the government's motion for entry of default. The government moves for an entry of default pursuant to Federal Rule of Civil Procedure 55(a) on the grounds that claimant failed to file an answer or otherwise defend pursuant to Rule G(5)(b) of the Supplemental Rules. Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Even if the court had construed claimant's filing as a claim, claimant's answer would have been due, at the latest, on December 1, 2016. Rule G(5)(b); see also, United States v. Various Vehicles, Funds, and Real Properties Described in Attachment A, No. 2:11-1528-DCN-SVH, 2011 WL 6012424, at *4 (D.S.C. Oct. 25, 2011) ("Supplemental Rule G(5)'s requirement that both a claim and an answer be filed is plain and unambiguous . . . . Strict compliance with the rule requires both a claim and an answer.") (internal quotation omitted). Claimant, however, did not file

2

an answer in this action. Thus, the government's motion for entry of default (DE 9) is GRANTED.

SO ORDERED, this the 16th day of February, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge